LEWIS A. CORBIN *vs.* THE AMERICAN MILLS.

To constitute the relation of master and servant between an employer and an employee so as to render the former liable to indemnify the latter for damages to which he has been subjected on account of injuries committed by him while using ordinary care in the employer's business, the employee must be acting at the time strictly in the place of the employer, in accordance with and representing the employer's will and not his own, and the business must be strictly that of the employer, and not in any respect the employee's.

The payment of an employee by the day, or the control and supervision of the work by the employer, though important considerations, are not in themselves decisive of the existence of the relation of master and servant.

Where C had contracted with a town to widen a highway by removing the rocks from a ledge therein, for a certain sum of money and the stone, and afterwards contracted with A to build a dam for him with the stone, for which he was to receive a certain price per day while at work upon the dam and in blasting the rocks,—A furnishing the powder for the blasting, and superintending the building of the dam, but having no control of the blasting—and in blasting a rock was thrown upon the building of S, causing an injury for which C was subjected in damages,—it was held that the relation of master and servant did not exist between A and C, and that A was not liable to indemnify C for the damages which he had been compelled to pay.

SPECIAL ASSUMPSIT. The following facts were found by the superior court. In the spring of 1857, the plaintiff agreed with the town of Vernon to widen a portion of the highway by blasting a ledge of rocks, and to build a wall on the side of the highway, for which he was to receive a certain amount of money and the surplus stone from the ledge. Afterwards he proposed to the defendants to build for them a dam and

breakwater for their factory near by, stating the fact of his contract with the town and that he should have from the ledge large stones suitable for such work. The defendants preferred that the work should be done by the day, and a contract was made between them that the plaintiff should make such dam and breakwater, furnishing his own tools, for which the defendants should pay him and his men a certain sum per day while employed therein and in blasting and getting out the stone from the ledge, they furnishing a derrick for the dam, the cement for the work, and the powder for the blasting at the ledge. Under this contract the plaintiff proceeded to construct the dam and breakwater and to get out stones from the ledge, and while blasting in the ledge, one of his workmen, using ordinary care and skill, fired a blast which threw a large rock, weighing about two tons, upon the roof of a paper mill a few rods distant belonging to one Stickney and occupied by one Brady, breaking in the roof and demolishing a paper machine. Suits for damages were instituted by Stickney and Brady against the plaintiff, which were submitted to arbitration, the defendants agreeing, in case they were legally holden for the damages, to pay to the plaintiff the amount of the awards and expenses, which amounted to $470.74, for which this suit was brought.

The blasting of the ledge was wholly under the control of the plaintiff, but at the time of the accident he was getting out large stones for the defendants, under their contract,—large stones being unnecessary for the fulfillment of his contract with the town. The defendants controlled and superintended the building of the dam and breakwater and requested that large stones might be obtained for building the bottom of the wall.

The plaintiff claimed that upon the facts proved it was the legal duty of the defendants to indemnify the plaintiff for the damages paid to Stickney and Brady. On these facts the case was reserved for the advice of this court.

*Loomis* and *Hyde*, for the plaintiff.

1. The plaintiff and his workmen were the agents and

servants of the defendants, as is shown by the facts that they were employed by the day, that the defendants furnished powder for the blasting, and gave directions and superintended the building of the dam, and that they requested that large stones should be obtained, in compliance with which request the very blast was fired which caused this accident. Under these circumstances they would have been liable to the persons injured had they been originally sued. *Stone* v. *Codman*, 15 Pick., 297. *Lowell* v. *Boston and Lowell R. R. Co.*, 23 id., 24. *Peachy* v. *Rowland*, 16 Eng. L. & E. 445, note. *Wiswall* v. *Brinson*, 10 Iredell, 554 *Blake* v. *Ferris*, 10 Selden, 48. *Pack* v. *Mayor of New York*, 4 id., 222. *Gourdin* v. *Cormack*, 2 E. D. Smith, 254. *Hill* v. *Morley*, 26 Verm., 178.

2. The defendant is bound to indemnify the plaintiff, he being the servant of the defendant, and employed in the business of the defendant at the time of the accident, and guilty of no negligence; and the law implies a promise of indemnity on which this action can be sustained. *Stocking* v. *Sage*, 1 Conn., 519. *Gower* v. *Emery*, 18 Maine, 79. *Acheson* v. *Miller*, 2 Ohio, 203. *Bradford* v. *Kimberly*, 1 Am. Lead. Cases, 718, and note. *Moore* v. *Appleton*, 26 Ala., 633. *Betts* v. *Gibbins*, 2 A. & E., 57. *Willard* v. *Newbury*, 22 Verm., 458. Story on Agency, § 340. *Ramsay* v. *Gardner*, 11 Johns., 439. *Powell* v. *Newburgh*, 19 id., 284. *D'Arcey* v. *Lyle*, 5 Binn., 441.

3. The prior contract with the town can make no difference in the case, because the plaintiff was in the immediate and direct employment of the defendants, and performing acts at their request under his contract with them—acts entirely unnecessary under his contract with the town; and it does not appear but that all the blasting to be done under that contract had been finished.

*T. C. Perkins* and *Brockway*, for the defendants.

1. The defendants' liability to the plaintiff rests entirely on the relation of master and servant between them. The facts in the case fail to show any such relation. 1st. The plaintiff

had contracted with the town of Vernon to blast the rocks in the ledge before any contract was made with the defendants, and was paid by them therefor. When the injury was committed, which was caused by blasting, he was acting as much under the contract with the town as under that with the defendants, and was as much the servant or agent of the town as of the defendants. A servant can have but one responsible principal, and here, if the plaintiff was a servant at all, he must have had two. *Blake* v. *Ferris*, 1 Selden, 56. 2d. The contract with the defendants treats the plaintiff as owner of the ledge, in which case the defendants would not be liable. By the contract the plaintiff was to build the dam and furnish stone at a certain price per day. The defendants had no control over the blasting, and the plaintiff might have obtained the stone any where else. The contract was a job contract, in which case the defendants can not be liable. Payment by the day makes no difference. *Fulton* v. *Deall*, 22 Verm., 171.

2. But if the relation of master and servant existed and the defendants were liable to the persons injured, it does not follow that they were bound to indemnify the servant. To render a master liable, the specific act which proves to be the cause of the injury must be done by the direction of the principal and not by the will and direction of the servant himself. The agency must have been the cause, not the occasion, of the injury. The injury must be the direct consequence of the agency. Story on Agency, § 341. *Chappel* v. *Wysham*, 4 Harris and Johns., 560. *Townsend* v. *Dyckman*, 2 E. D. Smith, 224. *Blackwell* v. *Wiswall*, 24 Barb., 355. *Fairbrother* v. *Ansley*, 1 Camp. 343, 347. *Adamson* v. *Jarvis*, 4 Bing. 66.

3. The plaintiff can not recover because he has used *only* ordinary care. In cases like this, where the business is a very dangerous one, extraordinary care is required, and it not having been used, the plaintiff is in fault.

ELLSWORTH, J. Several questions have been discussed in this case which we think it not necessary to decide, for there is one which lies at the foundation, about which we enter-

tain no doubt. We are satisfied that the plaintiff can not be regarded as the hired servant and agent of the defendants at the time when the act was done which has subjected the plaintiff to the loss for which he seeks to recover an indemnity from the defendants.

Before we proceed to consider the case, we would remark that the form in which the question is presented is objectionable. The superior court, instead of finding the evidence of the fact of agency, should have found the fact itself, and not have left this court to decide upon the weight of evidence and to draw conclusions of fact. We allude to it here because this practice is becoming quite too common, and if persisted in we shall be compelled to refuse to try cases so irregularly brought before us. Had the judge undertaken to find whether the plaintiff and his servants were the hired servants and agents of the defendants, as alleged in the declaration, we think it quite possible the case would not have come here. But we pass the objection for this time, since the parties have been permitted to argue their case upon its merits, and we will proceed to make a final disposition of the matter in litigation.

In considering the true relation of the parties at the time to each other, it is essential to notice with discrimination the particular circumstances attending the transaction; for it is not easy, always, to determine whether the relation between the person employing another to do a job of work and the person employed, is one of master and servant, on which relation the question of indemnity depends, or is one of independence in the employee, in which case the latter and his servants are alone responsible for any injury done by them.

In the books diverse rules for pronouncing upon this question have been stated, but I must say not always with definiteness and perspicuity. Some lay it down that the manner of paying for the work or thing done, whether by the day or the job, is the rule; but this is not so; that is a circumstance to be considered, but not the criterion;—others, that the existence of actual present control and supervision on the part of the employer is the test; but of this we say, as of the

former, that it is only a circumstance to be considered, though one of much weight. To get at the truth we must look further, and see if the person said to be a hired servant and agent is acting at the time for and in the place of his master, in accordance with and representing his master's will and not his own. It must be strictly his employer's business that he is doing and not in any respect his own. If we find this to be the case we may safely conclude, as a general rule, that the relation of master and servant exists, so as to render applicable the rule of law that the employer must indemnify and protect the agent he employs. Let us now look at the evidence detailed in this case.

In the spring of 1857 the plaintiff, a stone mason, contracted with the selectmen of the town of Vernon to widen a certain highway in the town, by removing out of it a ledge of rocks, for which service they stipulated to pay him a certain amount of money. The stone were to be his, except so far as they might be wanted to build and complete a wall by the way side. In August or September following the plaintiff and his men got out a quantity of the stones by blasting. These stones being in his way and obstructing the work he found it necessary to remove them, for which purpose, as well as to get a job as a mason, he proposed to the defendants, who owned a mill near by, with the stones on hand and such as he thereafter should blast out, to build for them a dam and breakwater; to which proposition they assented, and as a compensation agreed to pay him for his own services and the work of his men by the day, computing their time while occupied in getting out, carting and laying the stone; the defendants furnishing the powder and cement, and a derrick at the place of the dam.

The plaintiff proceeded to execute his contract with the selectmen of Vernon, with a gang of men of his own selection, until on a certain day one of his men, by an overcharge, blew a rock of some two tons upon the mill of a Mr. Stickney, crushing in the roof and doing other damage, for which the plaintiff has been sued and compelled to pay damages. For this he now seeks indemnity from the defendants, insist-

ing that he and his workmen were the hired servants and agents of the defendants.

Now we are not able to see any thing to justify such a claim. There clearly was not the relation of master and servant between the plaintiff and the defendants. The defendants had no control or supervision over the plaintiff's work in blasting this ledge of rocks under the contract with the town of Vernon, and they could not have interfered or arrested the progress of the work had they desired to do so. The plaintiff himself had the sole control and oversight of the work— hired his own men, as many as he pleased, set them to work as he pleased, and dismissed them if they did not serve him with fidelity. He was in no degree a hired servant of any body. He had bound himself to remove the ledge, and to the defendants he had bound himself that the stones should be laid in their dam and breakwater. In getting them out he could order the blasting here or there, one day or the next, in greater or lesser quantities, with powder or otherwise, according to his own judgment and interest, if he but got the road cleared in time, subject to no other man's will or direction. The fact that the plaintiff was to be paid by the day makes no difference, we think, though in a case of doubt this circumstance would have weight. On the whole we see nothing to distinguish this case from the ordinary case of a mechanic or master builder who agrees to furnish materials and build a house, and who is to be paid for his work by the day instead of receiving a gross sum for the job; and such a contractor is in no proper sense a hired servant or agent.

On this ground we advise judgment for the defendants.

In this opinion the other judges concurred.

Judgment for defendants advised.