[No. 12582. Department Two. — December 4, 1889.]

## GORHAM N. BARNUM, APPELLANT, v. HENRY J. BRIDGES, RESPONDENT.

SCHOOL LAND — SINGLE APPLICATION TO PURCHASE — DEMAND FOR APPROVAL — DUTY OF SURVEYOR-GENERAL — SIX MONTHS' LIMITATION. — Where there is only one application to purchase school land belonging to the state, and no contest, it is the duty of the surveyor-general, under section 3798 of the Political Code, to approve the application, without further demand for approval than that contained in the application, and the penalty of nullity after the lapse of six months from the date of filing without demand for approval or reference of a contest does not apply to the case of such single application.

ID. — APPLICATION FOR TIMBER-LAND — REVIEW OF CONFLICTING EVIDENCE. — Where the evidence is conflicting as to whether a half-section of school land applied for as timber-land is such in its character, or is suitable for the cultivation of ordinary crops, the decision of the court below that it is timber-land, for which such an application might be made, will be upheld.

ID. — ACTION TO DETERMINE RIGHT TO PURCHASE — EVIDENCE — EXPERT TESTIMONY. — In an action to determine the right to purchase school land from the state as timber-land, it is not error to permit a witness to be asked what it would cost, in his judgment, to clear off the land in question, where it appears that the witness had an ordinary knowledge, as a farmer and logger, of land and its qualities. It is for the trial court to determine the weight to be given to such evidence.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wilson & Wilson, Chamberlin & McGowan,* and *A. W. Hanna,* for Appellant.

*J. H. G. Weaver,* and *George D. Murray,* for Respondent.

FOOTE, C. —This action was brought to determine whether Barnum or Bridges had the better right to purchase a certain half-section of school land from the state, the same being a part of the "thirty-six" sections of land donated to the state of California by the Congress of the United States for school purposes.

Judgment was rendered in favor of the defendant, from which, and an order denying a new trial, the plaintiff appeals.

The first ground claimed to militate in favor of the appellant's contention seems to be, that the evidence, viewed in the light of the principles enunciated by the appellate court of the state in the case of *Manly* v. *Cunningham*, 72 Cal. .240, is plainly and without conflict conclusive of the fact that the land was suitable for the cultivation of ordinary crops, and was therefore agricultural and not timber land, which latter kind the decision of the trial court defined and adjudicated it to be.

The evidence on the one side, as it seems to us, is contradictory, to some extent at least, to that given in favor of the adverse party, and the decision of the lower court upon the point should be upheld. But the further contention is made by the appellant, that the respondent could not be permitted to succeed in the controversy because his application to purchase the land was made more than six months before any demand for the surveyor-general's approval of such demand had been made.

The trial court seems to have been of the opposite opinion, even conceding, as was the fact, that no such demand had been made within the statutory period just adverted to, — the basis of the conclusion being that the statute in question did not intend to visit the penalty it provided for upon those about whose application to purchase there was no contest, — that tribunal being of the opinion "that the section (Pol. Code, sec. 3498) does not apply in a case where only one application is on file, where no approval could be had by reason of the land being covered with pre-emption filings, and but for which it is made the duty of the surveyor-general to approve without other demand than is implied in the application itself."

The section of the Political Code, *supra*, is: "All ap-

plications, under whatsoever act, filed in the office of the surveyor-general, must be retained ninety days before approval, and must be approved (when there is no conflict) by the surveyor-general at the expiration of six months, subject, however, to the provisions of sections 3406 and 3407 of this code, and all unapproved applications which have been on file over six months wherein the approval has not been demanded, and wherein the contest has not been referred to court, or a demand made for an order of reference, as provided in section 3414 of the Political Code, shall be null and void."

We think that the learned judge below was right in his conclusion. The duty of the surveyor-general seems to be clearly defined. In the first clause of the statute, in cases where there is but one application to purchase school lands, the title to which has passed to the state from the United States, and which are subject to be granted to purchasers from the state, he is obliged by law to approve the application, without reference to any further demand than that contained in the application to purchase. The other part of the statute requires that when there is a contest that "all unapproved applications which have been on file over six months, wherein the approval has not been demanded, and wherein the contest has not been referred to court, or a demand made for an order of reference, as provided in section 3414 of the Political Code, shall be null and void."

Thus a marked distinction is drawn between the necessity for a demand for an approval of the application to purchase in cases where there is only one applicant and no contest, and those where there is more than one application, where a contest exists as to the right to purchase, and where either there has been no order of reference, or a demand made for such an order. In the instances last mentioned, if more than six months elapse from the date of filing before a demand for approval is made, the application becomes null and void. In the

case in hand no other demand for approval was necessary beyond the application to purchase.

It is further urged that the court below committed error in allowing the witness Mr. Dahle to answer this question: " In your judgment, what would it cost an acre to clear this land off, take the timber off, stumps and roots, and put it in a condition to run a plow through?" —the objection being that the witness was not an expert in clearing this kind of land.

While the witness may never have actually cleared any land just like that in dispute here, yet his testimony shows that he had an ordinary knowledge, as " a farmer and logger," of land and its qualities; and the court, being possessed of the extent of his knowledge upon the general subject of the qualities of various kinds of lands, was in a position fairly to estimate the weight which should be given to his evidence, and should not have excluded it altogether.  It tended to show some knowledge of the subject about which the witness was called on to testify, and whether weak or conclusive in its nature was for the court to consider and determine, but it was not necessarily improper for that tribunal to hear.

For these reasons, we advise that the judgment and order be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.