ALONZO W. LETTS, ADMINISTRATOR, &c., v. THE HOBOKEN RAILROAD, WAREHOUSE AND STEAMSHIP CONNECTING COMPANY.

Submitted December 5, 1903—Decided February 23, 1904.

1. Authority, given by a master to his servant, to eject trespassers from the premises of the former, charges the master with liability for the act of the servant in using excessive or inappropriate force in removing one who is a trespasser.

2. An averment in a declaration that a person who committed an assault on the plaintiff was the servant of a third person, and was acting within the scope of his employment as such servant in making the assault, is insufficient to disclose a liability on the part of the master for the wrongful act. Whether the act done was within the scope of the employment is a conclusion to be drawn from the facts; and the facts upon which the pleader rests this conclusion must be set out in the pleading so that the court may see if it be warranted.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, Edmund Wilson.

For the defendant, Lewis, Besson & Stevens.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration contains four counts, each one of which is demurred to. The first count alleges that the defendant employed one Becker as a watchman of its property and to prevent persons from trespassing upon its land, and that Becker, "within the scope of his employment and acting for and in the interest of the defendant, in attempting to remove the plaintiff's intestate from the defendant's property, made an assault upon him with a pistol and so wounded him that he died."

The second count is similar to the first, except that it states that Becker, "acting within the scope of his employment and for the purpose of removing the plaintiff's intestate from the defendant's lands, assaulted and shot him and so wounded him that he died."

The third count alleges that "the defendant, by its agents and servants, made an assault upon the plaintiff's intestate and shot and killed him."

The fourth count alleges that the plaintiff's intestate was passing over and along a public street in the city of Hoboken and that Becker, an employe of the defendant company, acting within the scope of his employment, then and there made an assault upon the deceased with a gun and shot and killed him.

The first and second counts, each of them, show a cause of action. They allege that the assault was made by the agent of the defendant while in the performance of his duty of ejecting the deceased from the defendant's premises. Authority, given by the master to his servant, to eject trespassers from the former's premises, charges the master with liability for the act of the servant in using excessive or inappropriate force in removing one who was a trespasser. And this is so even if the use of any but reasonable and necessary force is expressly prohibited. *West Jersey and Seashore Railroad Co. v. Welsh,* 33 *Vroom* 658.

The third count is good also. It alleges that the defendant company itself, by its agents and servants, made the assault.

Such a count was sustained by this court in the case of *Wallace* v. *Newark,* 40 *Vroom* 495, decided at the last June Term.

The fourth count is bad. The mere fact that a servant of the defendant made an attack upon a citizen while the latter was passing along the public highway, does not render the defendant responsible. Such an act is, ordinarily, entirely outside the scope of a servant's employment and responsibility is not made to appear merely by an allegation that the servant, in making such an attack, was acting within the scope of his employment. The pleading must show facts to support that allegation.

The demurrer to the first, second and third counts must be overruled; that to the fourth count must be sustained.