# CHARLESTON

HAINS v. PARKERSBURG, MARIETTA & INTERURBAN RAILWAY
COMPANY *et al.*

Submitted January 11, 1912.   Decided December 10, 1912.

1. NEGLIGENCE—*Actions—Pleading.*
   In actions of trespass on the case for injury by negligence, it is sufficient, in charging the negligent act, to set forth in general terms the injury, the instrumentality or means thereof, when occasioned by an affirmative act, or the particular omission of duty, when occasioned by mere omission, and aver that the act or omission was negligent. (p. 455).

2. MASTER AND SERVANT—*Injuries to Third Persons—Actions—Pleading.*

In an action against an employer for a wrong done by his servant, the relation of master and servant is sufficiently charged by an averment that the servant did the act while engaged in the master's business and in furtherance thereof. The declaration need not say in terms he acted within the scope of his authority.  (p. 455).

3. PLEADING—*Declaration—Statement of Cause of Action.*

The office of a declaration is to give the defendant notice of the nature and ground of the action and the rules of pleading do not require such specification of matters of detail as will benefit the defendant only by the hamper and weight of procedure imposed upon the plaintiff.  (p. 456).

4. SAME—*Declaration—Statement of Cause of Action—Duty Imposed by Law.*

A duty imposed by law and involving no element of contract need not be expressly alleged.  (p. 457).

5. CORPORATIONS—*Liabilities—Joint Liabilities.*

Corporations engaged in separate and distinct lines of business may be jointly liable for a wrongful act.  (p. 458).

Error to Circuit Court, Wood County.

Action by Margaret Hains against the Parkersburg, Marietta & Interurban Railway Company and another. Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

*William Beard,* for plaintiff in error.

*V. B. Archer, A. B. Fleming, Charles Powell, Kemble White* and *Reese Blizzard,* for defendants in error.

POFFENBARGER, JUDGE :

Divers criticisms of the declaration in this case, filed against a street railway company and a natural gas company, as joint tortfeasors, by a lady, for personal injuries occasioned by a wrongful act alleged to have been done by their servants acting jointly, are made, in the effort to sustain the action of the trial court in sustaining the demurrer thereto, and dismissing the action, on her refusal to amend.

The assertion of the relation of passenger and carrier, in the statement of the attendant facts, whether with or without in-

tention to rely upon it in the trial, as measuring and defining the duties of the railway company, does not vitiate the declaration, either because two defendants under different obligations or duties cannot be sued jointly for a wrong, or because such a relation is inconsistent with the subsequent allegation of injury to the defendant as a pedestrian on the street. Aside from the motive or purpose of that allegation, it charges no injury or wrongful act, while the plaintiff was on the car as a passenger, nor is she alleged to have been a passenger at the time of her injury after having gotten off of the car. It is no more than an unnecessary, yet natural, relation of a fact as a part of the history of the occurrence.

After the narration of plaintiff's trip on the railway company's car, as a passenger, from a station called Rosemar, to a certain point in the city of Parkersburg, at which she left it, and the carriage by the same car to the same point of a number of servants of the gas company, together with a lot of heavy tools used by them in the business of their employer, and then in their possession and control, the declaration charges, in substance, that the agents, servants and employes of both defendants, while jointly engaged in removing the tools from the car, and in furtherance of the business of the defendants, respectively, negligently, recklessly and without care for the plaintiff and other persons on the street, threw the same from the car to the street where the plaintiff was passing from the car to the sidewalk, and struck her and injured her leg between the knee and ankle and also her foot and both ankles.

Our rules of pleading require no particular form of allegation, and, in actions of trespass on the case for injury by negligence, it suffices to set forth in general terms the injury, the instrumentality or means thereof, when it was occasioned by an affirmative act, or the particular omission of duty, when it resulted from a mere omission, and then aver that the act or omission was negligent. *Bralley* v. *Railway Co.*, 66 W. Va. 462; *Veith* v. *Salt. Co.*, 51 W. Va. 96.

Though possibly informal and untechnical, the allegation as to the relation of the servants to the defendants and the business of the latter, is sufficient. It says the agents, servants and employes, while jointly engaged in removing the tools from the

car and in furtherance of the business of the defendants, respectively, did the wrongful act resulting in injury to the plaintiff. Of course the agent or servant, in doing a wrongful act so as to impose liability on his master, must act within the scope of his authority, and the declaration must charge the relation of master and servant existed at the time and as a part of the transaction, but no rule requires an allegation of the relation in any particular form. The declaration need not say in so many words the servant acted within the scope of his authority. It suffices to say that in the infliction of the injury he acted as servant of the master. This sufficiently avers action within the scope of his authority. To require a specification in the declaration of the name of the servant, the class to which he belongs and the particular duties with which he is charged, would impose upon the plaintiff more than is necessary for the accomplishment of the office and purpose of the declaration and duty to allege matter lying peculiarly within the knowledge of the defendant and often beyond that of the plaintiff. It is not necessary to the protection of the defendant, since he knows who his servants are, their classification and respective duties. A statement that the act was done by his servant suffices to apprise him of this element of the ground of action. He cannot demand specification in the declaration of mere evidential facts. In *Bralley* v. *Railway Co.,* 66 W. Va. 462, 465, speaking of the sufficiency of the declaration as regards particularity in a somewhat different, but similar respect, we said: "The declaration must give notice of the nature of the cause of action, specifying in general terms the means or instrumentality of the injury, but it need not go beyond this and indicate what evidence is to be introduced or relied upon as to matters of detail. Such a requirement in the rules of pleading would place undue restrictions upon the plaintiff and hamper him in the presentation and trial of his case, and this, without any corresponding advantage to the defendant, other than the disadvantage thrown in the way of the plaintiff. If the plaintiff were bound to indicate, in some count in the declaration, the particular ground of negligence, or point out the nature and character of the evidence to be introduced, he would be precluded from recovery in many instances, by a slight variance of the proof from the

declaration, in cases, so plain upon the evidence, and so clearly within the general scope of the declaration, as to make it perfectly obvious that the defendant was not in the least embarrassed or injured by the generality of the charge, and that the plaintiff had an undoubted right to a verdict. This would be needlessly sacrificing substantial right to mere technicality and form." In that case, we refused to follow decisions requiring, in our opinion, unnecessary and burdensome particularity of statement.

The court cannot do away with the force and effect of the general charge of relation of master and servant in the act or omission complained of, upon the assumption of a classification of servants or division of work among them. Under our practice, this is matter of proof. The court cannot say as matter of law or judicial cognizance that the servants of a street railway company acted beyond the scope of their duty in assisting in the removal, from one of its cars, of tools and appliances carried on it, together with servants of another company in charge of them, no matter whether they are baggage or freight, or either, nor that the servants of the other company, in assisting in the removal of the same tools and appliances acted beyond the scope of their authority. Under some sort of relation between the defendants, no matter what, tools were in the car of the railway company used in its business, and the necessity of their removal therefrom to prevent interruption of such use was obvious. At the same time, they were owned by the gas company, wherefore it had right to take them and its servants engaged in the act of removal. Whether there was necessity for joint action, or any rules or instructions were violated by any servant of either defendant in taking part in that work, or the lack of authority or justification, if any, absolved the master from liability, are all matters of law and fact for disposition in the course of the trial. To require anticipation thereof in the declaration would impose vast labor upon the plaintiff and expose her to great hazard, without any corresponding advantage to the defendants other than that resulting from useless weight of procedure placed upon her by the court. The declaration charges as matter of fact that the servants of both undertook jointly to re-

move the tools and in doing so negligently injured the plaintiff. Sufficing to give the defendants notice of the nature and grounds of the demand, this accomplishes the purposes of a declaration as defined by this Court in the light of the rules and principles of pleading.

The argument in support of the objection of misjoinder of parties, based upon the inequality of duty, treating the plaintiff as suing in the character of a passenger, has already been disposed of. Her action is for injury while a pedestrian in the street. There the duties of the defendants were equal. Each was bound to abstain from negligent acts working injury to her.

As such duty is imposed by law, averment thereof in terms is unnecessary. It arises from the relation and situation of the parties, and the mere statement thereof in proper connection makes the declaration good.

As the declaration is clearly good, the judgment will be reversed, the demurrers overruled and the case remanded.

*Reversed and Remanded.*