[Civ. No. 12409.   Second Appellate District, Division Two.—March 21, 1940.]

ALICE LEE, Appellant, v. J. V. NANNY et al., Respondents.

Clarence Hansen for Appellant.

Charles E. R. Fulcher and Reginald I. Bauder for Respondent Nanny.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries suffered when she was struck by an automobile driven by defendant Pernetti. She alleged that Pernetti was at the time of the accident the agent of defendant Nanny and as such agent was operating the car in the course of his employment. The trial court rendered judgment in favor of plaintiff against defendant Pernetti in the sum of $2,000, but found that Pernetti was an independent contractor and rendered judgment in favor of defendant Nanny. Plaintiff appeals from the judgment absolving defendant Nanny from liability and also from the judgment against Pernetti, claiming that the amount of the judgment is inadequate. There is also a purported appeal from the order denying a motion for a new trial.

Plaintiff's appeal from the judgment in favor of Nanny depends upon the question whether there is substantial evidence to support the finding that Pernetti was an independent contractor at the date of the accident. Pernetti had been in the employ of Nanny for several months before the accident, which occurred on February 7, 1937. Nanny was in

the business of selling alcoholic beverages at wholesale and Pernetti was one of a number of his salesmen working on a commission basis. Pernetti owned and drove his own car but was allowed eighteen gallons of gasoline each week in lieu of the upkeep of the car. Under their working agreement Pernetti was to call upon prospective customers for the purpose of selling Nanny's goods and to make collections for the goods which he sold. His commissions were paid only out of the collections made. Pernetti was assigned to a certain district. Nanny testified: "We made out these districts in our office. We did not assign salesmen to them exclusively. They could work anywhere they wanted to. . . . He had no regular hours, no regular days . . . he could work any time he wanted to . . . that was understood." Although Pernetti was assigned to the district in the neighborhood of his residence he was at liberty to solicit business in any other territory if he wished to. In soliciting business Pernetti was not bound by instructions but could use his own methods. He used his car for other purposes than in the sale of Nanny's goods. He was at liberty to employ another person to operate his car if he cared to. Pernetti did not deliver the merchandise for which he took orders, but he was furnished with printed order blanks and receipt books bearing Nanny's name and address. Checks collected by Pernetti from the customers were made payable to Nanny. Nanny had the right to discharge Pernetti at any time. At the time of the accident, which occurred at about midnight, Pernetti was on his way down to the Cliff Dwellers cafe to solicit business.

The question whether Pernetti was an independent contractor depends upon the amount of control which Nanny had the right to exercise. ██ An independent contractor engages to do work according to his own methods and without being subject to the control of his employer except as to the result of the work. (*Chapman* v. *Edwards*, 133 Cal. App. 72 [24 Pac. (2d) 211].) It is settled that the control to be exercised by the employer in order to change the status from that of independent contractor is complete control, "the full and unqualified right to control and direct the details of or the means by which the work is to be accomplished". (*Barton* v. *Studebaker Corp. of America*, 46 Cal. App. 707, 717 [189 Pac. 1025, 1029].)

In arguing in support of the finding of the trial court that Pernetti was an independent contractor defendant Nanny relies upon *Barton* v. *Studebaker Corp., supra.* In that case one Owen injured the plaintiff while he was driving his own automobile which he used in his occupation of selling automobiles for the defendant Studebaker Corporation on a commission basis. Owen had the right to use the salesroom of his employer to show cars and also had the right to use a desk in the salesroom. He carried a business card on which his own name appeared as a representative of the corporation. Owen sold cars to prospects obtained at the salesroom, but no one controlled him as to when or where he should go or come. He made no report to the corporation as to what he did during any particular day. Sales had to meet with the approval of the manager, and the final arrangements for the sales were made in the corporation's offices. Occasionally Owen acted on the floor of the salesroom, answering the telephone and doing everything that was to be done, but there was no obligation on his part to be on the floor. The trial court rendered judgment against the Studebaker Corporation but the reviewing court reversed this judgment, holding that the test was whether the corporation had the authoritative control of Owen with respect to the manner in which the details of the work were to be performed. Owen was held to be an independent contractor.

Defendant Nanny also relies upon *Counihan* v. *Lufstufka Bros. & Co.,* 118 Cal. App. 602 [5 Pac. (2d) 694, 695]. In that case the defendant Beran injured the plaintiff while driving his own car which he used in selling goods for the defendant Lufstufka. Beran was a traveling salesman who worked on a commission basis and sold by sample. Lufstufka furnished him with samples, order blanks and a price list but he was not subject to the direction or the control of Lufstufka as to his time, his territory or the use of his car. The trial court granted a nonsuit as to the employer and this ruling was affirmed on appeal. It was held that the employer may exercise over the employee a certain measure of control without incurring the responsibilities which follow the relationship of master and servant. The court applied the rule that the test of control means complete control, which must be distinguished from "mere suggestion as to detail". It was further held that the fact that Beran's services were termina-

ble at the will of either the firm or Beran did not alter the relationship.

■ The question whether a commission salesman is an independent contractor ordinarily is for the determination of the trial court. In most cases it is a mixed question of law and fact and the trial court's determination thereon is binding upon the reviewing court if it is supported by substantial evidence. If from the evidence presented only one reasonable inference can be drawn the question whether the salesman is an agent or an independent contractor becomes one of law for the court. (*Chapman* v. *Edwards, supra*; *Fechtner* v. *Costa,* 16 Cal. App. (2d) 691 [61 Pac. (2d) 473]; *May* v. *Farrell,* 94 Cal. App. 703 [271 Pac. 789]; *Martinelli* v. *Stabnau,* 11 Cal. App. (2d) 38 [52 Pac. (2d) 956].)

■ If in the present case the evidence be viewed in the light most favorable to plaintiff the most that can be said is that a debatable question was presented to the trial court and that a reasonable inference could be drawn in her favor. On the other hand, as contended by defendant Nanny, there are a number of circumstances from which a reasonable inference could be drawn that Pernetti was an independent contractor. Pernetti was not assigned exclusively to any specific territory; he could work at any time of the day or night according to his own choosing; he could report on any occasion on which he saw fit; he could solicit business by any means he chose; he could employ someone to operate his car for him if he cared to; Nanny was interested in the results produced and not in the means by which they were produced; suggestions were made by Nanny but no orders or instructions were given to Pernetti. From all of these circumstances it is apparent that there is ample support for the implied finding of the trial court that Nanny did not have the right to exercise complete control over Pernetti.

Plaintiff relies upon *Phillips* v. *Larrabee,* 32 Cal. App. (2d) 720 [90 Pac. (2d) 820], but the circumstances of the employment in that case were so dissimilar to those of the present case that the decision is of little aid to her. Another case relied upon by plaintiff is *Hiner* v. *Olson,* 23 Cal. App. (2d) 227 [72 Pac. (2d) 890, 73 Pac. (2d) 945]. In that case the trial court found that the driver of the car was an agent operating the car in the course of his employment and the reviewing court ruled that there was sufficient evidence to

support the finding. A very different situation is presented by the instant case, for the finding now under consideration is that Pernetti was an independent contractor.

Plaintiff's contention that the trial court erred to her prejudice in striking out the affidavit of defendant Joseph Pernetti, which she filed in the hope of obtaining a new trial, is without merit. In the affidavit Pernetti set forth certain details of his working arrangement with Nanny which had not been brought out at the trial. Pernetti had been called as a witness at the trial and no reason appears why these facts were not brought out on cross-examination. No showing whatever was made of diligence on the part of plaintiff to discover the new evidence; nor is there a showing that plaintiff did not know of all of the evidence at the time of the trial. Moreover, it does not appear probable that the new evidence, if it had been received at the trial, would have brought about a different judgment.

In appealing from the judgment against defendant Pernetti, plaintiff bases her claim that the judgment for $2,000 is inadequate upon her testimony that she had been obligated to pay the sum of $575 to her physicians and that she had been earning before the accident the sum of $25 per week, whereas since the accident she had not been able to earn any sum whatever. Plaintiff relies upon the finding of the trial court that before the accident she was "employed at a salary of approximately $25 a week as a movie extra actress, and that since said accident and injuries so received she has been unable to work at her said employment". The finding that plaintiff has been unable to work since the accident is not supported by the evidence. Plaintiff testified that three weeks after the accident she worked as a motion picture extra—"took a position being a spectator in a court room". To the question, "Have you been employed regularly since that time, or off and on?" she replied, "Off and on". Moreover there is a conflict in the evidence as to the cause of the ailments with which plaintiff was afflicted at the time of the trial. A physician who examined the plaintiff on behalf of the defense testified: "The pelvic condition is due to an infection which is of long standing, and could be neither caused nor influenced by any accident of this kind". It was the duty of the trial court to determine the extent of the injuries

which plaintiff suffered as a result of the accident. We see no occasion for disturbing the conclusion of the trial court.

The judgment is affirmed. The purported appeal from the order denying the motion for a new trial is dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1940.