[Civ. No. 1655. Fourth Appellate District.—February 26, 1937.]

GEORGE COLENG, Respondent, v. R. V. RAMSDELL et al., Defendants; O. L. COWEN, Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Appellant.

Wilson & Coughlin for Respondent.

BARNARD, P. J.—This is an action for damages for personal injuries. The plaintiff alleged that he was struck by an automobile owned and driven by the defendant Ramsdell, who was alleged to have been the agent and employee of the defendant Cowen. A jury returned a verdict in favor of the plaintiff and against both defendants and the defendant Cowen has appealed.

The appellant was a dealer in Ford automobiles in San Bernardino with a branch place of business in Barstow. Ramsdell, who was an auditor, had performed certain auditing services for Cowen for some eight years prior to 1934. For approximately one year, including most of 1934, he acted as office manager for the appellant in San Bernardino at a regular salary, during which time he did no auditing work. After about a year in that capacity he decided to return to his independent audit practice and agreed with the appellant that he would continue the auditing service which he had rendered prior to the time he worked as office manager. About that time and on January 8, 1935, he drew up and signed an agreement which was accepted by Cowen, reading as follows:

"In accordance with our conversation I propose to audit San Bernardino books monthly beginning November at the former charge of $25.00 per month, spending as much time as necessary to give you satisfactory results.

"I also propose to keep and audit Barstow books as at present for a monthly charge of $35.00 per month. Any additional branch setups which may added to the organization in the future would be handled by me in the same manner as Barstow except possibly a small variation in the monthly charge to compensate for difference in size."

Cowen employed another office manager and the new arrangement was in effect at the time of the accident, on Septem-

ber 14, 1935. Ramsdell took up his former audit practice, auditing books for other firms as well as the appellant. With respect to the San Bernardino business of the appellant Ramsdell made monthly "test" audits or "checks" and occasionally made special reports, compiled lists of accounts receivable, and "took off this or that" as requested by the appellant. Similar auditing work was done in connection with the Barstow office and, in addition, certain reports were mailed from Barstow to Ramsdell's home in San Bernardino. At his own convenience he would post these into a set of books which he kept at his home. All of this work was done by Ramsdell at such times as he chose either at home, at the San Bernardino office or at the Barstow office, and sometimes on evenings, Sundays or holidays. There was no stated time when he should do the work although he was supposed to get out a report for the appellant every thirty days, usually between the 10th and the 15th of the month. The appellant's work usually had precedence over other work during that time and if the report was not out by the 15th he continued until the report was completed. On several occasions the appellant went to Ramsdell's home in the evening and asked him to make out a special report, which Ramsdell usually did. On some occasions when such a report was asked for Ramsdell informed the appellant that he was unable to do the work for a few days, but would do so as soon as he could. At times the appellant asked Ramsdell to go to Barstow to make certain reports and at times when Ramsdell was at Barstow the appellant asked him to come to San Bernardino to report on something there. By mutual understanding the appellant furnished Ramsdell gasoline for trips to Barstow and paid his hotel expenses while there. Occasionally it was necessary for Ramsdell to go to Barstow to get some information in order to do his auditing and usually he himself decided when he should go. Ramsdell would come in at various times, whenever it was convenient to him, to make his audits and would work as long or as short a time as he pleased.

On the day of the accident Ramsdell had been doing some auditor's work at appellant's San Bernardino office. About 7 o'clock P. M. he went out to dinner and decided to go to Barstow for the purpose of getting some data he needed. The appellant did not know that he intended to go to Barstow on this occasion. After dinner, Ramsdell started out in his own

automobile with the intention of stopping at his own home in San Bernardino to leave a fishing pole and then proceeding to Barstow. To go to his home would take him about a block away from the usual route to Barstow. While he was on his way to his home the accident occurred which resulted in this action.

The most important question presented is whether Ramsdell, at the time, was acting as an independent contractor or as an employee of the appellant. This question largely depends upon whether the appellant had a right of control over the means employed by Ramsdell to accomplish his work or whether he was interested only in the results of that work. The general rules applicable are thus summarized in *Winther* v. *Industrial Acc. Com.*, 16 Cal. App. (2d) 131 [60 Pac. (2d) 342] :

"The term 'Independent contractor' has been defined as 'one who renders service in the course of an independent employment or occupation, following his employer's desires only in the results of the work, and not the means whereby it is to be accomplished'. (*Moody* v. *Industrial Acc. Com.*, 204 Cal. 668, 670 [269 Pac. 542, 60 A. L. R. 299].) In arriving at a determination of whether one person is an employee of another or whether the status of the former is that of an independent contractor, one of the best tests to be applied to the factual situation which is presented is the right of control. (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570].) When the essential object of the employment is the performance of certain work the relation of master and servant does not exist unless the employer reserves the right to direct the mode and manner in which the work shall be done. (*Western Indemnity Co.* v. *Pillsbury*, 172 Cal. 807 [159 Pac. 721].) "

The respondent contends that the evidence is sufficient to show not only a right of control in the appellant, but the actual exercise of this right. In support thereof it is argued that the appellant had the power to discharge Ramsdell since the contract was not for a definite time; that Ramsdell's employment had been continuous for about ten years; that the appellant paid Ramsdell's expenses on trips to Barstow; that at times the appellant told Ramsdell to go to Barstow and to return from Barstow; that Ramsdell made special reports although such a service was not particularly mentioned in the contract; that at times Ramsdell worked in Cowen's office and

used his equipment both at San Bernardino and at Barstow; that Ramsdell's compensation was paid monthly and not by the job; that his compensation was paid whether or not there was any work to be done during a particular month; that the appellant's work had preference during the early part of the month; that at the time of the accident Ramsdell had certain of the appellant's books in his car; and that Ramsdell was required to do his work to the satisfaction of the appellant.

In *Luckie* v. *Diamond Coal Co.*, 41 Cal. App. 468 [183 Pac. 178], it is pointed out that the right of discharge at any time, while a circumstance which may be important in a doubtful case, is not a controlling factor. This is especially true in a case like this where either party could terminate the contract at any time, at least at the end of the month, and where the right of discharge or termination of the service fits in equally with the theory of an independent contract. All of the matters relied upon by the respondent are consistent with the status of an independent contractor, as applied to these parties, and none of them indicate any right of control on the part of the appellant over the mode or manner in which Ramsdell was to perform his work. The most that can be said is that any control which appears to have been exercised by the appellant indicates an interest in the results rather than in any details or the manner in which the work should be performed. It is now well settled that there may be a general control arising from an interest in the final result which does not indicate a master and servant relationship, where such right of control relates only to the result and is so restricted or limited that it does not apply to the manner or means by which the work is accomplished. (*Bohanon* v. *James McClatchy Pub. Co.*, 16 Cal. App. (2d) 188 [60 Pac. (2d) 510]; *Winther* v. *Industrial Acc. Com.*, *supra*.) In the last named case, this court said:

"Whether the control which an employer has the right to exercise over the manner in which the work is to be performed is best expressed through its modification by the word 'authoritative', or by the word 'unqualified' or by the word 'complete', it is clear from the decisions that it must be a control which reaches into the details of performance and reserves to the employer the right to direct the manner in which these details are to be carried out. Such control is not manifested by a ranch owner who has contracted with another to pay a cer-

tain sum per ton for the picking of fruit and who does no more than direct the employees of the person with whom he has made the contract to pick the fruit clean and remove leaves from the field boxes. When one person is performing work in which another is beneficially interested, the latter is permitted to exercise a certain measure of control for a definite and restricted purpose without incurring the responsibilities or acquiring the immunities of a master, with respect to the person controlled.''

In our opinion, any right of control which was retained or exercised by the appellant falls within the rules laid down in the cases just cited. Ramsdell was employed as an auditor under a contract for his services as such and the appellant was interested only in the results and not in the details of his work or the means used. While he was keeping certain books relating to the business conducted at Barstow, although another bookkeeper was employed there, this was closely related to his work as an auditor and was performed under the same contract, which was for an independent service rather than being one between an employer and employee. Ramsdell was free to do his work at times and places to suit his own convenience. The appellant had no right to control the manner in which the work was to be done, and was interested only in the results obtained. Ramsdell was as much engaged in business for himself, in performing the work called for in his contract with the appellant, as is a lawyer who engages to do certain work for a client upon a regular monthly retainer. The fact that he might occasionally deem it advisable to go to Barstow in order to obtain information needed for his work or that he might be asked to do this in order to enable him to make desired reports as to what the books showed, indicates only an interest in the results of the work and is far from sufficient to indicate that the appellant had any right to direct Ramsdell where to go or to control the manner in which he drove his automobile on this occasion.

For the reasons given the judgment against the appellant is reversed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 25, 1937, and an applica-

tion by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1937.