[Civil No. 3982.   Filed March 7, 1938.]

[77 Pac. (2d) 212.]

MARICOPA COUNTY, and JOHN A. FOOTE, C. WARREN PETERSON and GEORGE FRYE, as Members of and Constituting the Board of Supervisors of the County of Maricopa, Appellants, v. STATE OF ARIZONA, and W. P. MAHONEY, ETHER HAYNIE, RAYMOND S. MARQUIS, BERNARD MacDONALD and ANGELA HAMMER, as Members of and Constituting the ARIZONA BOARD OF SOCIAL SECURITY AND PUBLIC WELFARE, Appellees.

Mr. John W. Corbin, County Attorney, and Mr. Lin Orme, Jr., Deputy County Attorney, for Appellants.

Mr. Joe Conway, Attorney General, Mr. J. M. Johnson and Mr. W. E. Polley, Assistant Attorneys General, and Mr. J. R. McDougall (of Counsel), for Appellees.

ROSS, J.—The plaintiffs, members of the Arizona Board of Social Security and Public Welfare, and the defendant Maricopa County, through the members of its Board of Supervisors, being in disagreement as to which should furnish and pay for quarters for the County Board of Social Security and Public Welfare, its secretary and other employees of such county board, by proper pleadings have brought the matter to the courts for determination. In other words, they are asking for a declaratory judgment.

An answer to their request requires a construction of subdivision (d) of section 10, chapter 69, Session Laws of 1937, Regular Session. The trial court, construing this provision, was of the opinion that the duty fell to the county, and the latter has appealed. Such subdivision reads:

"(d) Members of the county boards shall, immediately after this appointment, organize by the selection of a chairman. Each county board may employ a full time secretary, who shall maintain an office in the county seat in quarters assigned or provided by the board of supervisors, and such other employees as may be necessary for the discharge of the duties of the board."

■ The section of which this subdivision is a part provides for a County Board of Social Security and Public Welfare, to consist of one member of the Board of Supervisors and two citizens of the county appointed by the supervisors. This county board is the

organ through which the county speaks and informs the state board of its social and welfare conditions and needs. It is an arm of the state board, and under its control. It is authorized to appoint a full-time secretary, who shall occupy quarters "assigned or provided by the board of supervisors" at the county seat. From the language employed the legislature doubtless had in mind that quarters or space for the board, its secretary, and other employees would probably be available in the courthouse with no added expense, or, if not, the Board of Supervisors should provide quarters elsewhere. The Board of Supervisors as the fiscal agent of the county was given one member of the county board so that the personnel of the two bodies would interlock and each would have information as to the welfare needs and conditions of the county. The duty to furnish quarters was recognized as a county duty. This duty is not to furnish space sufficient for the secretary only, but sufficient for the holding of meetings by the board attended by its secretary and "such other employees as may be necessary for the discharge of the duties of the board." This means quarters rent free, also water, light, and heat, or in a general way the kind of quarters furnished the regular county officers.

The defendant county contends that this construction conflicts with the provisions of section 15 of said chapter 69, as amended by chapter 3, Third Special Session 1937. Such section reads:

"Section 15. *State and County Boards; Appropriation; Expense; Distribution.* There is hereby appropriated to the state and county boards, for the twenty-sixth fiscal year, the sum of one thousand dollars. The expenses of the state and county boards shall be paid out of said appropriation and out of funds made available by the old age assistance act of 1937, the dependent children's act of 1937, the needy blind act of 1937, and out of the welfare fund, provided that

such expenses shall not exceed five per cent of the old age assistance funds and twelve per cent of all other funds administered hereunder for any one fiscal year.''

This section provides how the expenses generally of the state and county boards are to be paid, and, of course, governs where there is no special statute providing how a given expense shall be cared for, as in the case of quarters for the county board.

We agree with the trial court's decision.

The plaintiffs and defendant county are also in disagreement as to whose duty it is under the law to pay the burial expenses of indigents and veterans who die without sufficient means for funeral expenses. The plaintiffs contend that the statutes make it the duty of the county and cite as controlling subdivision 28 of section 774 and section 3224, Revised Code of 1928, reading:

''§ 774. *Powers of board enumerated.* The board of supervisors, under such limitations and restrictions as are prescribed by law, may: . . . 28. bury deceased indigents and mark their graves with a stone, giving the name, age and date of death.''

''§ 3224. *County burial of ex-service men and their widows.* The boards of supervisors shall appoint a person in the county, who shall be an honorably discharged soldier, sailor or marine of the army or navy of the United States, who shall cause to be decently interred the body of any honorably discharged soldier, sailor or marine, or any female in the enlisted personnel of the army, navy or marine corps dying without a national or state soldiers' home, or the widow of any such honorably discharged soldier, sailor or marine, who may die without sufficient means for funeral expenses.''

The defendant county insists that chapter 69, *supra,* as construed in *Mahoney et al.* v. *Maricopa County,* 49 Ariz. 479, 68 Pac. (2d) 694, 702, makes it the duty of the state board to bear the burial expenses of indigents and veterans. The trial court was of the opinion that

chapter 69, *supra,* did not repeal said subdivision 28 of section 774 nor section 3224, and that the duty of paying these burial expenses remained with the county. The county has appealed.

We have carefully perused chapter 69, and nowhere in it is the dead mentioned either directly or by implication. Its whole scheme is to care for the living needing help or unable to care for themselves. It takes such duty from Boards of Supervisors, where it formerly rested, and places it upon the State and County Boards of Social Security and Public Welfare, and we said in the Mahoney case, *supra,*

"by implication repeals all legislation authorizing either the boards of supervisors of the counties, or the Governor, to expend any money for public assistance to the needy of any class or in any manner."

When we used the expression "public assistance," we had in mind the kind of assistance enumerated in the act and its title, such as "assistance to the needy blind," "assistance to dependent children," "old age assistance," and "all forms of public assistance including general home relief, outdoor and indoor care and medical care for persons in need, old age assistance, aid to dependent children, aid to the blind, service to crippled children." Subdivision (a), § 7.

There is no provision in chapter 69 referring to the subject-matter of this case and there is nothing whatever in the opinion in the Mahoney case construing such chapter that either directly or indirectly passes upon the question of whose duty it is to pay the burial expenses of indigents and veterans.

Chapter 70, Laws of 1937, Regular Session, entitled "An Act Relating To Old Age Assistance," provides in section 19 thereof for the burial expenses of old age pensioners; and chapter 71, Id., entitled "An Act Relating To Assistance To Needy Blind," in section 22 thereof makes like provision for the funeral

expenses of needy blind. The act of the legislature in taking these two classes out of the general provisions of the law with reference to the burial expenses of indigents and veterans emphasizes an intention, we believe, to leave the expenses of the burial of indigents and veterans to the Boards of Supervisors.

We conclude that subdivision 28 of section 774 and section 3224, *supra,* have not been repealed, and that thereunder it is the duty of the Boards of Supervisors to pay the burial expenses of indigents and veterans.

McALISTER, C. J., and LOCKWOOD, J., concur.