167 P.2d 113

INDUSTRIAL COMMISSION v. NAVAJO COUNTY et al.

No. 4873.

Supreme Court of Arizona.

March 18, 1946.

H. S. McCluskey, of Phoenix, for petitioner.

Dodd L. Greer, Co. Atty. of Navajo County, of Holbrook, for respondents.

LaPRADE, Judge.

An alternative writ was issued directed to the respondents in the caption, supra, directing them to report the salaries, wages, commissions, or fees paid to contract county doctors, and to pay the required premiums thereon or show cause why they had not done so.

Subsequent to the 6th day of August, 1945, the board instructed its clerk not to report to the Industrial Commission salaries of doctors under contract. The commission demanded that the respondents comply with the provisions of Section 56-935 (Compensation Law) and Section 56-1227 (Occupational Disease Disability Law), A.C.A.1939, as amended and supplemented. This request was denied. Re-

spondents justified their refusal to pay insurance premiums to petitioner on the salaries of physician-surgeons upon the ground that such physician-surgeons are not employees, but independent contractors whose professional services are not supervised or controlled by respondents in any manner or to any extent whatsoever.

The question for this court to decide is whether or not under the facts of this case insurance premiums are due petitioner upon the salaries of such doctors. The contracts show that the doctors are under contract with respondent county to render medical aid· or when necessary perform surgery for the indigent sick within the county. It is made to appear that in the performance of their duties under the contract the doctors are not supervised or controlled by the respondents in the ministration of medicines, treatment and surgery. The respondent supervisors are lay individuals and do not pretend to have any knowledge or skill in medicine or surgery. These doctors in the performance of their duties bring not only their best skill but the right to exercise it in accordance with their own best judgment without interference from any person; in fact, such is their duty because of their special skill, ability and technical training. They use their own judgment in the treatment of patients whose welfare is entrusted to them. Some of the contracts required the doctor at his own expense to furnish "ordinary medicine," and specified that if medicines "other than ordinary

drugs and medicines are used they shall be ordered directly from a drug store and paid for by the board upon itemized demand." It was contemplated that the doctors would furnish their own offices, office help, and nurses. The professional services were to be rendered patients at the doctors' offices or at the homes of patients when the exigencies of the situation required the attendance of the doctor.

The powers and duties of respondent board of supervisors at all the times material hereto were the following:

"Sec. 17-309. (A.C.A.1939) 5. Provide for the care and maintenance of the indigent, sick and the dependent poor of the county; erect and maintain homes and hospitals therefor; provide in their discretion a farm in connection with the county hospital and make regulations for working the same."

. "Sec. 17-346. Care of indigents—Employees therefor.—The board shall let the care of the indigents of the county, including medical attendance, medicine, food, lodging, clothing, and other supplies, to the best responsible bidder, after advertising for sealed bids or proposals in a newspaper and a notice posted in three (3) or more public places in such county, at least ten (10) days before the awarding of such contract. The board may reject any or all bids. The board may, however, employ a physician to furnish surgical and medical attendance, a superintendent, attendants, and such other help as may be

necessary without advertising therefor. (Laws 1909, ch. 3, §§ 1, 2, p. 4; R.S.1913, Secs. 2481, 2482; cons. & rev. R.C.1928, § 811; Laws 1929, ch. 33, § 2, p. 76.)"

"Sec. 17-347. Contractor to give bond—Contract.—The person to whom such contract may be awarded shall give to such county a bond of not less than five thousand dollars ($5,000), for the faithful performance of such contract, to be approved by the board. The contract shall specify distinctly the amount proposed to be charged for each day's attendance upon each indigent sick person, including medical attendance, medicine, food, lodging, clothing and supplies. (R.S.1901, §§ 1030, 1031; 1913, §§ 2483, 2484; cons. & rev. R.C.1928, § 812.)"

"Sec. 17-348. Indigent only to be cared for—Penalty—Pay patients.—No person other than an indigent shall receive public aid, or be admitted into any home or hospital the expenses of which are paid by the county, and any contractor or person having charge of any such home or hospital who knowingly receives into the same, for medical attention or subsistence, any person other than an indigent, shall be guilty of a misdemeanor. The board may admit into such hospital for hospital care, medical or surgical attention, any person other than an indigent who will pay, in part or in whole, for such hospital care, medical and surgical attention, under the rules and regulations prescribed by the board. (R.S.1901, § 1032; 1913, § 2485;

Laws 1917, ch. 14, § 1, p. 12; rev. R.C. 928, § 813.)"

"Sec. 17-401. Boards of supervisors to provide hospitalization and medical care of indigent sick.—The boards of supervisors in each county of the state shall have the sole and exclusive jurisdiction to provide for the hospitalization and medical care of the indigent sick in such county, except in the case of the state welfare sanitarium, which shall be operated solely by the state board of social security and welfare. (Laws 1937 (3rd S.S.), ch. 4, § 1, p. 662)."

Under and by virtue of the foregoing granted powers the respondents entered into certain agreements with physicians located in Holbrook, Snoflake, and Winslow. The following contract is typical of these agreements.

"Agreement

This Agreement entered into the 1st day of May, 1945, between the Board of Supervisors of Navajo County, Arizona, hereinafter known as the Board, and Bernard S. Heywood, a duly licensed physician and surgeon, hereinafter known as the Doctor;

Witnesseth:

That the compensation hereinafter set forth, the said Doctor agrees to perform the following services for Navajo County, Arizona, from the date hereof to June 30th, 1945,

(a) To do and perform all acts required of a County Superintendent of Health without compensation;

(b) To act as County Physician;

(c) To perform all surgery for resident indigents of Supervisorial Districts No. 1 and No. 3 of. Navajo County, for whom said Board is, by law, authorized to render such services;

(d) To render professional services for not to exceed twelve indigent obstetrical cases during the period of this agreement within the hospital at Holbrook, Arizona, operated by the Town of Holbrook;

In consideration of the satisfactory rendition of the services aforesaid, the board will pay monthly to the Doctor, upon demand, the sum of Three Hundred and No/100 ($300.00) Dollars."

By Section 56-935, A.C.A.1939, "The state and each county, city, town, municipal corporation or school district which is liable to its employees for compensation must insure in the state compensation fund. * * *" Section 59-936 provides that employees covered by insurance in the state fund are entitled to compensation. Section 56-941 provides that the state and political subdivisions are liable to the fund for accident benefit premiums. Section 56-929, as amended (Chapter 65, Laws 1943), enumerates the employees covered and, in part, reads as follows:

"Sec. 56-929. Employee, workman, and operative.—(a). In this article, unless the context otherwise requires, the terms 'employee,' 'workman,' and 'operative' mean: 1. every person in the service of the state, or of a county, city, town, municipal corporation, or school district, including regular members of lawfully constituted police and fire departments of cities and towns, under appointment or contract of hire, except the elective officials and except officials receiving more than three thousand six hundred dollars ($3,600) per year salary, * * *."

Under the specific provisions of Section 56-928, as amended by Chapter 33, Laws 1945, an independent contractor is classified as an employer. We quote: "(c) A person engaged in work for another, and who while so engaged is independent of the employer in the execution of the work, not subject to the rule or control of the person for whom the work is done, but is engaged only in the performance of a definite job, or piece of work, and subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor, and an employer within the meaning of this section."

This court has on numerous occasions considered this section and under various fact situations defined who are independent contractors. A typical statement of the rule is contained in United States Fidelity & Guaranty Co. v. Industrial Commission, 42 Ariz. 422, 26 P.2d 1012, 1015: "* * * Without exception the general test laid down to determine the difference between an independent contractor and an

employee is in substance whether the alleged employer retains supervision or control over the method of reaching a certain result, or whether his control is limited to the result reached, leaving the method to the other party, which is in effect the same as the test used by us in the two cases last cited."

Other informative cases are Grabe v. Industrial Commission, 38 Ariz. 322, 299 P.2d 1031; Fox West Coast Theatres, Inc., v. Industrial Commission, 39 Ariz. 442, 7 P.2d 582; and Industrial Commission v. Byrne, 62 Ariz. 132, 155 P.2d 784.

The position of the commission is succinctly set forth in two of the propositions of law submitted by it. They are:

1. The board of supervisors of Navajo County in performance of the duties under Sections 17-309(5), 17-346, and 17-401, A.C.A.1939, perform such duties as part of the police power of the state and as a governmental function paid from tax revenues and may only delegate such powers to officers, agents, deputies, employees, workmen or operatives who, under Section 17-309(1), remain and are under the supervision and control of board of supervisors.

2. The exercise of any part of the police power of the state may not be alienated or delegated to an "independent contractor." The power, right and duty of elected public officers to perform the duties prescribed by Sections 17-309(5), 17-346, and 17-401, A.C.A.1939, may not be delegated to independent contractors, but remain under the supervision and control of the supervisors under Section 17-309 (1).

Under common law and statutes which governed the territory of Arizona, and under the provisions of the constitution and statutes of the State of Arizona prior to 1925, persons performing services for the State of Arizona or its subdivisions when injured while in the performance of a *governmental* function had no cause of action against the state, State v. Sharp, 21 Ariz. 424, 189 P. 631; State v. Dart, 23 Ariz. 145, 202 P. 237; Hartford Accident & Indemnity Co. v. Wainscott, 41 Ariz. 439, 19 P.2d 328; 10 Pacific Digest, Counties, ☞142, p. 345; Larsen v. County of Yuma, 26 Ariz. 367, 225 P. 1115; or against its municipalities for injury sustained, whether such injuries were due to the negligence of the officers and agents of the state, or its counties or municipalities, or otherwise. Jones v. City of Phoenix, 29 Ariz. 181, 239 P. 1030; Morrell v. City of Phoenix, 16 Ariz. 511, 147 P. 732.

With these cases in mind, the legislature in 1925 submitted to the electors at a special election a proposed amendment to Article XVIII, Section 8 of the Constitution, which proposed to authorize the enactment of a Workmen's Compensation Law adopted by the legislature contemporaneously with the proposed constitutional amendment.

Under the provisions of the constitution as amended, and the Workmen's Compensation Law, which was enacted pursuant to the amended provision of the Constitution, the state, its counties and its municipalities became "employers" within the provisions of the Workmen's Compensation Law. The applicable section is: "Sec. 56-928. Employers subject to law. (a) Employers subject to the provisions of this article are: 1. the state, 2. each county, city, town, municipal corporation, and school district, * * *."

It is mandatory that the named employees, including contractors who are subject to supervision and control, except elected officials and officers who receive in excess of $3,600 per annum, be insured. Industrial Commission v. Arizona State Highway Commission, 61 Ariz. 59, 145 P. 2d 846.

In the case of Ocean Accident & Guarantee Corp. v. Industrial Comm. of Arizona, 32 Ariz. 275, 257 P. 644, this court held that the Workmen's Compensation Law rests upon the police power to regulate the status of employer and employee within the State of Arizona, and that no contract, express or implied, made within or without the State of Arizona, unless expressly authorized by our laws, can affect the rights and duties of such status.

Under the provisions of Sections 17-309(5), 17-346, and 17-401, A.C.A.1939, in the exercise of the police power in promoting the health, safety, and general welfare of the people, the legislature has made it the mandatory duty of the supervisors to provide medical attendance for the indigent sick. This legislation provides that the supervisors may appoint a doctor under a written contract to perform such services. It is noted, however, that Section 17-401 vests in the board of supervisors the sole and exclusive jurisdiction to render such services. The authority to contract does not relieve the supervisors of the duty and power to supervise the services.

This court in Coleman v. Lee, 58 Ariz. 506, 121 P.2d 433, 435, in interpreting and construing the powers of the supervisors herein discussed, held: " * * * The legislature has acted upon the assumption that the duty of caring for the indigent sick is a county matter, for it has made it the duty of the board of supervisors (in section 17-403) 'to include in its annual budget and tax levy for county purposes, such amount as it shall deem necessary and adequate for the hospitalization and medical care of the indigent sick in such county.'" See also Maricopa County et al. v. State et al., 51 Ariz. 372, 77 P.2d 212, and Mahoney v. Maricopa County, 49 Ariz. 479, 68 P.2d 694.

It is therefore apparent that the duty of caring for the indigent sick is a *governmental* function and is an exercise of the *police power*, and such powers and duties are vested in the board of super-

visors. It is a fundamental principle of constitutional law that the police power is *inalienable* and cannot be surrendered or delegated, by affirmative action, by inaction, by contract, or otherwise. 11 Am. Jur., Const.Law, § 254; 37 Am.Jur., Municipal · Corporations, § 276; 44 C.J. 73, § 2129. This jurisdiction vested in the board of supervisors is alienable, and the board may not delegate it to any person other than a duly constituted deputy, agent, contractor, employee, workman, or operative, over whom it must as a *matter of law* retain supervision or control within the meaning of Sections 56-928 and 56-929.

Under the provisions of Sections 17-309(5), 17-346, and 17-401, A.C.A.1939, the board of supervisors may provide .for care of the injured and sick and for their hospitalization (a) by *appointment* of a doctor as an agent or employee upon a fixed salary; or (b) by *appointment* of a contractor pursuant to bid and written contract, supported by a bond (Section 17-347). We believe that whether the services are performed (a) under "appointment," or (b) under a "contract of hire," such persons are officers, agents, contractors, employees, workmen, or operatives within Sections 56-928 and 56-929 for the reason that Section 56-928 provides: "(b) When an employer procures work to be done for him *by a contractor over whose work he retains supervision or control,* and such work is a part or process in the trade or business of the employer, *then*

*such contractors* and the persons employed by him, and his subcontractor, and persons employed by the subcontractor, are within the meaning of this section, employees of the · original employer." (Emphasis supplied.)

Respondents urge that the employment of professional men and women such as doctors, lawyers, nurses, and other technicians who by reason of their skill and ability are particularly fitted to do the work required of them does not create the relationship of master and servant or employer and employee. Our attention has been directed to the cases of Associated Indemnity · Corp. v. Industrial Accident Commission, 56 Cal.App.2d 804, 133 P.2d 698; Coleng v. Ramsdell, 19 Cal.App.2d 376, 65 P.2d 365; Quinn v. Kansas City, M. & B. R. Co., 94 Tenn. 713, 30 S.W. 1036, 28 L.R.A. 552, 45 Am.St.Rep. 767; Moody v. Industrial Accident Commission, 204 Cal. 668, 269 P. 542, 60 A.L.R. 299. The rule set forth in these cases is not applicable here for the reason that the public authority letting contracts may not make an independent contract of the nature here involved. These cases all relate to private employment where the employer may make an independent contract, but not to public employment where the services are on behalf of the sovereign in the exercise of its police powers.

"Supervision or control" as used in Section 56-928 of the Compensation

Law does not mean that the board of supervisors or the employer may direct the thinking, or direct the technical manner of performing the work or services of a doctor, lawyer, engineer, etc. This, however, does not change his "status" under the Workmen's Compensation Law. The employer, having the right to direct the time and the place in which the services are to be rendered, the persons to or for whom the services are to be rendered, and the degree and amount of said services, exercises supervision and control over the person performing them as it is duly bound to do.

The board of supervisors must operate within its budget established for such purposes and must of necessity supervise and control the nature, the degree, and the amount of work to be performed by the several doctors operating under the aforementioned contracts; and supervise the work of county officers or employees. Section 17-309(1).

We, therefore conclude that the doctors employed under the contracts in question are employees and not independent contractors within the meaning of Section 56-928.

The alternative writ should be made peremptory, and it is so ordered.

STANFORD, C. J., and MORGAN, J., concurring.