MERRITT–CHAPMAN & SCOTT CORPORATION, Appellant,

v.

Ernest GRAHAM, Appellee.

No. 17249.

United States Court of Appeals Ninth Circuit.

May 14, 1962.

John Gavin, Robert R. Redman, Gavin, Robinson & Kendrick, Yakima, Wash., for appellant.

Baird & White, Paul R. White, Ephrata, Wash., for appellee.

Robert J. Willis, J. W. McArdle, Palmer, Willis & McArdle, Yakima, Wash., for Rex H. Fredin, amicus curiæ.

Before CHAMBERS and MERRILL, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM.

Graham was injured while employed by a subcontractor in connection with the construction of the Priest Rapids Dam in the State of Washington. The appellant was the prime contractor on said job. The District Judge, sitting without a jury, found for Graham and awarded him $6,000.00 general damages and $2,400.60 special damages.

The essential facts, on the question of liability, are not in dispute. On the day in question Graham was installing cable trays in the dam. Located in that particular area was a covered manhole which opened into a lower gallery. An employee of the appellant, while dragging an air hose, moved the plywood lid covering the manhole, leaving the hole uncovered. Graham stepped backward, in the course of his work, and fell into the manhole. Graham charged appellant with negligence in permitting a loose piece of plywood to serve as a cover on the manhole and in dragging an air hose over the manhole and thus removing the covering. The appellant's answer charged contributory negligence and assumption of risk and that the action was barred by the provisions of the Workmen's Compensation Act of the State of Washington, which prohibits such actions except as herein mentioned. RCW [1] 51.24.010 provides, in pertinent part, as follows:

"If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman * * * shall elect whether to take under this title or seek a remedy against such other, * * *."

Although appellant assigns many errors, only two questions are here for decision:

(1) Was Graham in the employ of the appellant within the meaning of the above statute?

(2) If No. 1 is answered in the negative, is the award of general damages by the District Judge excessive and clearly erroneous?

1. The appellant does not challenge the District Judge's findings and conclusions that the injuries sustained by Graham were caused solely by the negligence of appellant and that he was not negligent and did not assume the risk in question. Appellant does challenge the District Judge's finding and conclusion as follows:

"The plaintiff was *not* an 'employee' of the defendant Merritt-Chapman & Scott Corporation within the meaning of the Washington State Workmen's Compensation law and plaintiff is entitled to maintain this action, * * *."

It is the position of appellant that a prime contractor on a project is not a third person within the meaning of the above statute, and that an employee of a subcontractor, such as Graham, should be viewed as an employee of the prime contractor. The erudite District Judge correctly construed the said Washington statute and quite expertly forecast the eventual position of the Washington Supreme Court. That Court disposed of the identical problem, adversely to appel-

1. Revised Code of Washington.

lant's contention, in Greenleaf v. Puget Sound Bridge and Dredging Company, Wash., 364 P.2d 796, approximately one year after the lower court's decision in this case. Although appellant advances some interesting arguments in support of his claim that the Greenleaf case can, and should be, distinguished from ours, we can find no reasonable theory on which to differentiate that case from the one before us.

■ 2. Appellant charges that there is no evidence to support the award of $6,000.00 for permanent partial disability and loss of future earnings. When we read the findings and conclusions in light of the District Judge's oral opinion, we find that the award of $6,000.00 was made for pain and suffering, a substantial permanent partial disability of the shoulder and probable loss of future earnings. There is substantial evidence in the record to support the findings and conclusions of the trial judge. The mathematical preciseness urged by appellant, in connection with an award of general damages, is not required by the decisional law of this court or the Supreme Court of Washington.

No error is revealed by this record. The judgment of the District Court is affirmed.