John W. JACKSON, Jr., Plaintiff,

v.

SOUTHERN PACIFIC COMPANY, a Delaware Corporation, Defendant and Third-Party Plaintiff,

v.

Owen MONTROSE, Third-Party Defendant.

Civ. No. 1800.

United States District Court

D. Nevada.

May 22, 1968.

Vaughan, Hull, McDaniel & Marfisi, Elko, Nev., for plaintiff.

Woodburn, Forman, Wedge, Blakey, Folsom & Hug, Reno, Nev., for defendant and third-party plaintiff, Southern Pacific Co.

Richard P. Wait, Reno, Nev., for third-party defendant, Owen Montrose.

## ORDER GRANTING SUMMARY JUDGMENT

THOMPSON, District Judge.

John W. Jackson, a Nevada resident, is suing the Southern Pacific Company, a Delaware corporation, for injuries proximately caused by the negligence of one of its employees. Jackson's employer, Owen Montrose, had contracted to purchase a steel bridge from Southern Pacific Company and had agreed to remove it at his own expense and to indemnify the seller for "all claims arising out of or in connection with the work to be performed by Buyer." Jackson was injured when struck by a steel beam being pulled by a tractor owned by and driven by an employee of Southern Pacific Company. The employee was on Southern Pacific's payroll but had been loaned to Montrose, along with the tractor, as part of the consideration for the sale and removal of the bridge.

Plaintiff and another of Montrose's employees had been cutting sections of the bridge and dropping them into the river below, whence the sections were towed away by the Southern Pacific tractor and driver. Plaintiff had attached cables to a section and had hand-signalled the driver to begin towing when an end of the section stuck in the river bank causing the entire beam to tilt and to strike plaintiff.

Plaintiff claimed and was paid benefits under the Nevada Industrial Insurance Act, to which program his employer, Montrose, was a contributor. Under that

Act, an award of benefits is an exclusive remedy. A third party, not the "employer or a person in the same employ" as the claimant, may be sued after a benefit award. Nevada Revised Statutes, 616.-560. Montrose and Southern Pacific Company have moved for summary judgment against plaintiff. The question to be decided is whether the tractor driver was a person "in the same employ" as plaintiff so as to immunize Southern Pacific Company from liability.

The decision rests upon a determination of the intent of the Nevada legislature when it enacted N.R.S. 616.560 preserving the right of action of an injured employee covered by the Industrial Insurance Act against a person "other than the employer or a person in the same employ." Who is a person "in the same employ" within the meaning of this language? To assist in answering this question, we do have the benefit of explications of the philosophy of the Nevada Industrial Insurance Act by the Nevada Supreme Court.

In the first place, it is clear that the rationale or standards for finding tort liability of an alleged employer to a third person under the doctrine of respondeat superior are, in Nevada, not the same as those applied in administration and interpretation of the Industrial Insurance Act. Heidtman v. Nevada Industrial Commission, 1962, 78 Nev. 25, 33, 368 P.2d 763; Nevada Industrial Commission v. Bibb, 1962, 78 Nev. 377, 383, 374 P.2d 531. The philosophy of the Nevada cases is to interpret coverage under the Industrial Insurance Act broadly and liberally, not only for the benefit of injured employees (Nevada Industrial Commission v. Peck, 1952, 69 Nev. 1 239 P.2d 244; [1] Nevada Industrial Commission v. Bibb, supra), but also for the protection of employers against common law actions for damages. Simon Service

---

1. "Unquestionably, compensation laws were enacted as a humanitarian measure. The modern trend is to construe the industrial insurance acts broadly and liberally, to protect the interest of the injured work-er and his dependents. A reasonable, liberal and practical construction is preferable to a narrow one, since these acts are enacted for the purpose of giving compensation, not for the denial thereof."

Inc. v. Mitchell, 1967, 73 Nev. 9, 17, 307 P.2d 110.[2]

■ In this case, it is conceded that "[W]hile he (Chambers) was working on the particular job of the bridge dismantling and removal, where plaintiff was injured, Owen Montrose or his agents, had the right to direct him as to what he was to do and the manner in which he was to do the work. · Owen Montrose, or his agents, also had the right to dismiss him from working on the particular job or project." This element of control has been given weight by the Nevada Supreme Court in a determination of whether a person is a covered employee within the meaning of the Industrial Insurance Act. In Nevada Industrial Commission v. Bibb, supra, the Court said:

> "In determining whether an individual is an employee entitled to compensation under workmen's compensation acts, one test is that of control. Barrett v. Selden-Breck Const. Co., 103 Neb. 850, 174 N.W. 866. If he is subject to the control, supervision, or authority of the person for whom the work is done, his status is that of an employee within the meaning of such statutes. Industrial Commission v. Navajo County, 64 Ariz. 172, 167 P.2d 113. Indeed lack of control is not always conclusive. Hannigan v. Goldfarb, 53 N.J.Super. 190, 147 A.2d 56; see Simon Service Incorporated v. Mitchell, 73 Nev. 9, 307 P.2d 110."

We have no doubt that if Chambers, rather than Jackson, had been injured and had applied for benefits under the Industrial Insurance Act as an employee of Montrose, his claim would have been recognized. He, thus, is a person in the same employ as Jackson within the meaning of the Act. Jackson, by seeking and receiving benefits under the Act, has, by the terms of the Act itself, restricted

his relief to those benefits under these circumstances. N.R.S. 616.370, 616.560. The fact that Chambers, if injured, might also have had a remedy under the Federal Employees Liability Act because of his relationship with his general employer, Southern Pacific Company (Cf. Baker v. Texas Pacific Railway Co., 1959, 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756), is irrelevant. Also irrelevant is the possibility that if a third party, not an employee, had been injured, the doctrine of respondeat superior might be applied to hold Owen Montrose or Southern Pacific Company, or both, liable in damages. Jackson's coverage by the Industrial Insurance Act is an exclusive remedy (N.R.S. 616.370), subject to the exception of an injury "caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ." N.R.S. 616.560. We have found that under the interpretation by the Nevada Supreme Court of the Industrial Insurance Act, the stipulated facts conclusively show that Chambers, at the time of the injury, was in the same employ as Jackson.

It should, of course, be emphasized that plaintiff's complaint is predicated solely upon alleged negligent operation of the tractor by Chambers, attributed by law to defendant Southern Pacific Company. If independent negligence of this defendant were present, such as furnishing untrained personnel or defective equipment, the case would be entirely different; and the Industrial Insurance Act would be no bar to recovery. Cf. Merritt Chapman & Scott Corporation v. Graham, 1962, 302 F.2d 930; Greenleaf v. Puget Sound Bridge and Dredging Co., 1961, 58 Wash.2d 647, 364 P.2d 796.

■■ It is recognized that whether a loaned employee's negligent conduct is vicariously attributable to his general employer or to his special employer under the ·circumstances of the particular case

---

**2.** "If then we are correct in concluding that appellant was the 'principal contractor' as contemplated by NRS 616.085, plaintiff, by the definition contained in such section, was, for the purpose of the act, an employee of appellant. He was therefore relegated to the compensations provided for in the act to the exclusion of his common law remedies against appellant."

has often been held to be a question of fact to be decided by the jury. Cf. Baker v. Texas Pacific Railway Co., supra. Under these stipulated facts, however, as applied to the Nevada Industrial Insurance Act, there is no disputed issue of material fact. In the Act, " 'Employee' and 'workman' are used interchangeably * * * and shall be construed to mean every person in the service of an employer * * *" (N.R.S. 616.055), provided his employment is not casual and is in the course of the trade, business, profession or occupation of the employer. N.R.S. 616.060. The tractor driver, Chambers, qualifies as an employee of Montrose for coverage under the Act. The phrase "person in the same employ" in Section 616.560 means a person whose status is such that he enjoys an employer-employee relationship for the purposes of industrial insurance coverage, with the same employer as the injured employee. Cf. Utica Mutual Insurance Co. v. Potomac Iron Works, Inc., 1962, 300 F.2d 733; Lewis v. Potter, 1967, Mont., 427 P.2d 306; Carnes v. Industrial Commission, 1952, 73 Ariz. 264, 240 P.2d 536.

In the field of workmen's compensation, there is no need to impose a requirement of choice between two possible employers to determine coverage. If, under a liberal application of the phrase "person in the service of an employer" (N.R.S. 616.055), a loaned employee qualifies as the servant of the employer to whom he is loaned, there is no necessity to consider his relationship to the general employer. "The fact that a workman has a general and a special employer is not inconsistent with the relation of employer and employee between both of them and himself." [3] Famous Players Lasky Corp. v. Industrial Accident Commission, 1924, 194 Cal. 134, 228 P. 5, 34 A.L.R. 765. The agreed facts in this case clearly and unequivocally establish Chambers' status as a covered employee of Owen Montrose, his special

employer, within the intent and language of the Nevada Industrial Insurance Act.

For the reasons stated, the motion for summary judgment will be granted. Counsel shall prepare and submit an appropriate form of judgment.

---

**3.** Quoted and adopted by the California Court from DeNoyer v. Cavanaugh, 221 N.Y. 273, 116 N.E. 992.