## CIRCUIT COURT OF ARLINGTON COUNTY

Gordon P. Peyton

v.

Randolph Grasty Peyton

October, 1978

Case No. (Chancery) 28606

### By JUDGE CHARLES H. DUFF

Petitioner seeks contribution from Respondent for one-half of the sum heretofore furnished by the Petitioner for the support and care of their Mother, who he alleges to be in necessitous circumstances. The action was brought pursuant to Section 20-88, *Code of Virginia*, as amended.

At the hearing of August 3, 1978, the parties recognized that the case was heard *de novo*; however, they stipulated that the Court may consider as accurate the following portions of the Opinion of March 31, 1978, of the Juvenile and Domestic Relations District Court:

1. That the contributions of the Petitioner contained therein are accurate;

2. That the Respondent's earnings as contained on page 4 of the Opinion are accurate;

3. That the last paragraph of page 4 is accurate; and

4. That regardless of this Court's decision, the Respondent agrees to continue payments of $150.00 per month *in futuro*.

A careful consideration of the evidence taken and the argument of counsel frames two legal issues to be determined and two factual issues. The legal issues are first, whether the admitted receipt by the parties' Mother of Federal Social Security benefits is "public assistance"

as that term is employed in Sec. 20-88; and second, whether this action, or any part thereof, is barred by the Statute of Limitations.

The two factual issues for decision are, first, whether the parties' Mother was indeed in necessitous circumstances during the time involved herein; and second, whether the Respondent should be required to contribute support after due consideration is given to the statutory language "after reasonably providing for his or her own immediate family."

With respect to the first legal issue, Section 20-88 specifically provides that it shall not apply to this type of action "if a parent is otherwise eligible and is receiving public assistance or services under a Federal or State program." Respondent asserts that the only form of public assistance paid from Federal funds direct to an individual is Social Security, and thus the Statute is inapplicable. In my opinion the argument misconstrues the meaning of the words "public assistance."

The Federal Social Security Act, part of the Federal Old Age, Survivors and Disability Insurance legislation, is analyzed in detail in 70 Am. Jur. 2d, beginning at page 711. The Act establishes a system of social insurance which is financed largely from payroll taxes and which distributes its benefits among numerous classes including the aged, children, disabled, etc. The benefits are not open to all who are needy but are available to those persons eligible for benefits by reason of past employment or relationship to a person who has contributed to the program, etc. In fact, U.S.C.A. Title 42, Sec. 428(d), expressly prohibits the receipt of Social Security payments when the person is receiving assistance under an approved State welfare plan. Virginia has apparently enacted such a plan as Title 63.1, *Virginia Code*. This plan provides a broad range of welfare assistance for various persons needing public assistance. It is my opinion that this was the intent of the Legislature in referring to public assistance or services in Section 20-88.

The decision cited of *Maricopa County* v. *State*, 77 P.2d 212, is of little aid to this question, as the factual problem presented is not pertinent to our inquiry. However, the Arizona court did refer to "public assistance" as assistance to the needy, blind, dependent children, etc. The term does not seem to connote insurance benefits

albeit social insurance such as Social Security, to which a person has contributed either directly or by relationship with a covered employee. The receipt of Social Security may well be considered in the determination of the factual issue of necessitous circumstances but it is not dispositive of the case as a matter of law.

With respect to the second legal issue, whether the action, or any part thereof, is barred by the Statute of Limitations, I am of the opinion that it is not. In 59 Am. Jur. 2d, Sec. 105, *Parent and Child*, it is stated as follows:

> In many jurisdictions, there are statutes imposing on children, to the extent of their ability, the duty to support indigent parents. These enactments, being designed to relieve the state or local authorities from the burden of supporting poor persons who have relatives able to care for them, are usually, although not always, treated as a part of the poor laws of the state, enforceable in some jurisdiction by criminal proceedings. Since these statutes are usually not limited to the parent-child relationship, but extend to other relatives, they are in general treated elsewhere.

This section above quoted refers the reader to the section of the American Jurisprudence on *Welfare Laws* 79 Am. Jur. 2d, Section 104, page 162, which states as follows:

> Claims by a welfare department against the estate of one who has received welfare benefits are generally not subject to any statute of limitations.

The present action is technically not a controversy between a parent and child; however the nature of the action is similar and I believe the reasons for the Statute not being controlled by a limitation are implicit. It is noted that the Statute provides that the Court may order contribution "upon the complaint of any party or on its own motion" and "may compel contribution by that person to any person *or authority* which has theretofore

contributed to the support or maintenance of the parent." (Italics mine.) The obvious intent of the legislation, *inter alia*, was to provide for an action by a welfare department for contribution in appropriate circumstances. I do not believe that under such circumstances the action is barred by the Statute of Limitations.

Turning now to the factual issues involved, the parties' Mother was adjudged an incompetent by this Court in 1967. Both Petitioner and Respondent are Co-Committees and Co-Guardians of the person and property of their Mother. She has for a number of years been confined to a local nursing home, the expenses thereof being illustrated explicitly by the Accountings filed.

At the hearing there was some testimony with respect to certain jewelry, oriental rugs and other property possibly titled in the Mother's name. Such evidence, however, was not clear and explicit either as to the legal title to the property or the value thereof and I do not find that it is sufficient to outweigh the evidence of necessitous circumstances presented by the Accountings filed and the fact of need of nursing home care.

The final factual issue turns upon the ability of the Respondent to contribute to his Mother's support. A careful evaluation of the needs of the Respondent during the time frame involved, the respective incomes of the parties and the contribution admittedly made by the Petitioner, leads me to the conclusion that the Respondent should be ordered to contribute to the Petitioner the sum of $8,000.00, which sum represents Respondent's proper share of support and maintenance for his Mother from the time covered by the 4th Accounting period through the 10th Annual Accounting period, as follows:

| | |
|---|---|
| 4th Annual Accounting | $ 600.00 |
| 5th Annual Accounting | 600.00 |
| 6th Annual Accounting | 1,200.00 |
| 7th Annual Accounting | 2,000.00 |
| 8th Annual Accounting | 1,200.00 |
| 9th Annual Accounting | 1,200.00 |
| 10th Annual Accounting | 1,200.00 |
| | $8,000.00 |